UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEVER COVERS, INC., d/b/a
STORM STOPPERS, a Florida corporation,

        Plaintiff,

v.                                    Case No. 8:06-CV-1062-T-27MAP

STORM GUARD, INC., a Florida
corporation, DANIEL D. MEIER, and
PATRICIA HECKER,

        Defendants.
_____/

STORM GUARD, INC.,

        Counterclaimant,

v.

CLEVER COVERS, INC., d/b/a/
STORM STOPPERS,

        Counter-Defendant.

_____/

## REPORT AND RECOMMENDATION

      This is an action between competitors in the storm shutter business.  At issue is whether

Defendant's novel counterclaim, that Plaintiff files baseless suits against its competitors to gain a

competitive advantage, states a cause of action for unfair competition under Florida law.  After

consideration, I find Florida courts have never expanded this tort's reach to such practices.

Accordingly, I recommend the district judge grant the Plaintiff's motion to dismiss the Defendant's

counterclaim pursuant to Fed. R.Civ.P. 12(b)(6) (doc. 16).[1]

### A. Standard of review

A motion to dismiss a counterclaim is evaluated in the same manner as a motion to dismiss a complaint under Fed.R.Civ.P. 12(b)(6) and dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Ala.*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Whitney Information Network, Inc. v. Gagnon*, 353 F.Supp. 2d 1208 (M.D. Fla. 2005). On a motion to dismiss, the court must accept all the alleged facts as true and find all inferences from those facts in the light most favorable to the counter-claimant. All that is required is a "short and plain statement of the claim." Fed.R.Civ.P. 8(a). The claim should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994). In assessing whether a claim is sufficient, however, conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Managment Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002).

### B. Complaint, Counterclaim, Contentions

Plaintiff owns federally registered trademarks to the names, "Storm Stoppers" (with a stylized "S" designed like a hurricane) and "The Plywood Alternative," and a Florida registered trademark to the name "Storm Stoppers and Design of the Words, the Letter 'S' as the Beginning

---

[1] The district judge referred Plaintiff's motion to dismiss counterclaim (doc.16) to me for recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b). *See* doc. 18.

of Each Word Looks Like a Hurricane."  The Defendant markets its products with a similar style: "Storm Safety Panel" with a hurricane-shaped "S" and "Instead of Plywood."  From this, Plaintiff levels trademark infringement and unfair competition claims against the Defendant under the Lanham Act and Florida law.

The Defendant counters with an unfair competition claim of its own.  But unlike Plaintiff's trademark-centered action, the Defendant's counterclaim focuses on the Plaintiff's purported use of the courts to gain a competitive advantage against its rivals, conduct the Defendant asserts comes within the ambit of Florida's unfair competition tort.  In Defendant's words, "the Plaintiff has filed numerous lawsuits against competitors on the eve of hurricane season, including the [Defendant] ... the Plaintiff's claims are frivolous and with substantial basis in law or fact ... [and the Plaintiff's] goal is to prohibit legitimate competition from offering hurricane protection products."  *See* doc. 15, ¶s 6-9.

In its motion for summary judgment, Plaintiff contends the Defendant's counterclaim is deficient because it fails to properly plead the twin elements of common law unfair competition, namely: deceptive or fraudulent conduct of a competitor and likelihood of consumer confusion.  The Defendant, however, maintains Florida's law of unfair competition reaches more broadly and "acts as an umbrella for all statutory and non-statutory causes of action arising out of business conduct which is contrary to honest business practices in industrial or commercial matters."  *See* doc. 17 quoting *Audio Systems of Fla., Inc. v. Simplexgrinnell LP*, 68 U.S.P.Q. 2d 1681 (M.D. Fla. 2003).

*C.  Discussion*

The Eleventh Circuit, when delving into unfair competition claims, often remarks it journeys

3

into a "rather swampy" realm.  *See Montgomery v. Noga,* 168 F.3d 1282, 1286 (11th Cir. 1999);

*John H. Harland Co. v. Clarke Checks, Inc.,* 711 F.2d 966, 969 (11th Cir. 1983); *B.H. Bunn Co. v.*

*AA Replacement Parts Co.,* 451 F.2d 1254, 1258, 1270 (5th Cir. 1971).[2]  But despite the murkiness,

its survey of Florida law consistently finds the "gist" of unfair competition in Florida involves

"palming off."  *B.H. Bunn Co.,* 451 F.2d at 1262;  *see also Lumberman's Mutual Casualty Co. v.*

*Lumber Mutual Casualty Ins., Co.,* 17 So.2d 615 (Fla. 1944), *Stagg Shop of Miami, Inc. v. Moss,*

120 So.2d 39 (Fla. 2DCA 1960).  Namely, no one should "sell his goods in such a way as to make

it appear that they come from some other source.  The simplest form of this is to use the name or

trademark of another, but the law [of unfair competition] goes further than that.  *B.H. Bunn Co.,* 451

F.2d at 1259 quoting *American- Marietta Co. Krigsman,* 275 F.2d 287, 289 (2d Cir. 1960) (J. Hand).

Hence, for the Defendant to prevail on its claim under Florida law, it must show deceptive or

fraudulent conduct by a competitor *and* the likelihood of customer confusion. *M.G.B. Homes, Inc.*

*v. Ameron Homes, Inc.,* 903 F.2d 1486, 1493, 1494 (11th Cir. 1990) (emphasis added).[3]

Clearly, Defendant's claim does not sound in trademark, nor does it charge the Plaintiff's

litigious actions are likely to cause customer confusion.  Nonetheless, the Defendant argues the

Plaintiff's practice fits the unfair competition mold because the Plaintiff uses litigation as a

"deliberate weapon of business aggression rather than as an instrument of adjudicating honest

---

[2]  In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit  adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

[3]  Indeed, both parties observe that courts almost always enumerate the elements of unfair competition in the contexts of underlying acts of trademark or trade dress infringement.  *See e.g., Alphamed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.*, 432 F. Supp. 2d 1319 (S.D. Fla. 2006).

disputes ...”  *See* doc. 17, p. 4 quoting R. CALLMAN, UNFAIR COMPETITION, TRADEMARKS AND MONOPOLIES, 2.34 (4th Ed. 2005).  While some commentators, including the RESTATEMENT (THIRD) OF UNFAIR COMPETITION (1995), recognize a “groundless litigation” theory in principle, few courts have applied it, and no reported Florida case comes even close to accepting such a rule.  Indeed, the Restatement acknowledges the case law is “far more circumscribed than such rhetoric might indicate, and courts have generally been reluctant to interfere in the competitive process.”  *Id.* at § 1 cmt. g.  In short, the Defendant fails to plead a cause of action for unfair competition that a Florida court would recognize.  *See also, Taylor Publishing Co. v. Jostens, Inc.*, 216 F.3d 465 (5th Cir. 2000) (holding that plaintiff’s unfair competition claim failed to establish that defendant’s sham pricing information was illegal or otherwise tortious and without some finding of an independent substantive tort or other illegal conduct, the unfair competition cause of action fails); *Healthpoint, Ltd. v. River’s Edge Pharms., LLC*, 2005 WL 356839 (W.D. Tx. Feb. 14. 2005) (“unfair competition functions like a ‘piggyback’ tort, applying only when the court finds that a related, independent tort has been committed”).

But even taking the Restatement’s “groundless litigation” approach into account, the Defendant’s unfair competition claim fails because it misses Rule 8(a)’s notice demands.  The Defendant makes broad conclusory allegations about the Plaintiff’s improper use of the courts to stifle competition; that is not enough. *See Oxford Asset Management, Ltd., supra* (conclusory allegations will not defeat dismissal under Rule 12(b)(6)).  Besides, the Defendant’s charge is unwieldy in scope and application.  It puts in issue, without ever identifying any suit in particular, the merits (or the lack thereof) of the Plaintiff’s prior litigation before any court against any competitor for whatever reason.  And, the logical conclusion from all this is that this lawsuit too is

without any factual or legal merit.

Such a scattershot approach is inappropriate.  If the Defendant contends this lawsuit is baseless factually or legally, the Defendant is free to seek Rule 11 sanctions against the Plaintiff. But such an approach carries risk, for an inappropriate Rule 11 motion can subject the movant's counsel to Rule 11 sanctions.

*D.  Conclusion*

Accordingly, for the reasons set forth, I find Defendant fails to properly state a claim for unfair competition upon which relief may be granted under Florida common law.  It is hereby

RECOMMENDED:

1.  Clever Covers' motion to dismiss counterclaim (doc. 16) be GRANTED without prejudice.

IT IS SO REPORTED at Tampa, Florida, on August 25, 2006.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
Hon. Steven D. Merryday
Counsel of Record