UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CLEVER COVERS, INC., d/b/a
STORM STOPPERS, a Florida corporation

      **Plaintiff,**

vs.                                **Case No. 8:06-CV-1062-T-27MAP**

STORM GUARD, INC., a Florida
corporation, DANIEL D. MEIER, and
PATRICIA HECKER

      **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by Magistrate Judge

Pizzo recommending that Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. 16) be

granted (Dkt. 20). Defendant has filed objections to the Report and Recommendation (Dkt. 21), and

Plaintiff has filed a response (Dkt. 22).

As set forth more fully in the Magistrate Judge's opinion, the Court declines to recognize a

"groundless litigation" theory under Florida's tort of unfair competition. While it is true that courts

have at times altered the traditional elements of unfair competition to fit a case,[1] Defendants' novel

claim is untenable. A claim that is wholly premised on the frivolity of actions currently being

adjudicated improperly presupposes the outcomes of these actions. Such a claim is therefore

---

[1] *See CBS, Inc. v. Garrod*, 622 F. Supp. 532, 536 (M.D.Fla. 1985) (adopting elements of a claim for unfair competition based on record piracy and noting that "palming off" would not be required where a defendant actually misappropriated a plaintiff's property); *see also Mfg. Res. Corp. v. Greenlee Tool Co.*, 693 F.2d 1037, 1040 (11th Cir. 1982) (noting that tortious interference is a tort "included within unfair competition" and applying the elements of tortious interference).

incapable of meeting the standards of notice pleading -- as Defendants' vague allegations aptly demonstrate. To the extent Defendants wish to argue that Plaintiff's claim is frivolous, Defendants may pursue a Rule 11 motion for sanctions.[2]

After careful consideration of the Report and Recommendation, Defendants' objections, and Plaintiff's response, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is

**ORDERED AND ADJUDGED** that

1)      The Report and Recommendation (Dkt. 20) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2)      Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. 16) is **GRANTED.**

**DONE AND ORDERED** in chambers this ___19th___ day of September, 2006.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[2] Defendants have not filed a motion to dismiss any of Plaintiff's claims.